UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT E. MARTIN,<br><br>　　　　Petitioner,<br>　　v.<br>BRANDON PRICE,<br><br>　　　　Respondent. | No. 8:24-cv-01118-DMG-BFM<br><br>**ORDER TO SHOW CAUSE<br>WHY HABEAS PETITION<br>SHOULD NOT BE DISMISSED** |

　　　　Petitioner Robert E. Martin filed a habeas petition in the Eastern District of California. (ECF 1 ("Petition").) He used the form for petitions brought pursuant to 28 U.S.C. § 2241. The District Court for the Eastern District of California transferred the Petition to the Central District of California, finding that the Petition should be construed as a habeas petition brought pursuant to § 2254.

　　　　Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court—rules that apply to the Petition in this Court—the Court must review the Petition before ordering a response. If it "plainly appears" from

that initial review that Petitioner is not entitled to habeas relief, the Court must dismiss the Petition.

Here, the Petitioner raises 22 grounds for relief. Most of those grounds do not appear to be ones that can be brought in a habeas petition via § 2254. At the same time, the Court recognizes that Petitioner did not set out to file a § 2254 petition; he filed a petition pursuant to § 2241. Section 2241 is not an appropriate vehicle to raise claims of the kind that Petitioner raised. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). Given that Petitioner is unable to proceed via § 2241, it is unclear how Petitioner wants to proceed.

Petitioner has two options at this point: (1) If Petitioner wants to proceed in this Court via § 2254, he should file an amended petition with only those claims that challenge the judgment of the Orange County Superior Court civilly committing him. He may also include additional claims that challenge the civil commitment judgment. All habeas challenges to a judgment must be included in a single petition; (2) If Petitioner does not want to proceed on the claims that can brought in habeas petition pursuant to § 2254, he may withdraw the Petition in this Court. Doing so would be without prejudice to him filing any of his claims as a civil-rights lawsuit pursuant to 28 U.S.C. § 1983 in the district in which he is confined.

As Petitioner decides how to proceed, the Court advises him of the following: A habeas petition filed pursuant to 28 U.S.C. § 2254 challenges a criminal judgment. A judgment civilly committing an individual is technically a civil judgment, but the Ninth Circuit has permitted individuals subject to such judgment to challenge them via § 2254. *E.g., Carty v. Nelson*, 426 F.3d 1064, 1073, *amended*, 431 F.3d 1185 (9th Cir. 2005); *Felix v. Hennessey*, 616 F. App'x 862, 863 (9th Cir. 2015). Federal habeas relief can only be granted if a conviction or related judgment "violated the Constitution, laws, or treaties of the United

1 States." *Estelle v. McGuire*, 502 U.S. 62 (1991). A court may not grant federal
2 habeas relief solely because a state court decision violated *state* law, unless the
3 decision also violated federal law; that is, "federal habeas corpus relief does not
4 lie for errors of state law." *Estelle*, 502 U.S. at 67-68 (citation omitted). Claims
5 relating to the ineffectiveness of counsel and other similar federal constitutional
6 violations are often raised via § 2254 petition.

7 While some of Petitioner's claims could arguably be brought pursuant to
8 § 2254, others do not appear to raise challenges cognizable under that statute.
9 Some of Petitioner's claims appear to allege that Petitioner's constitutional or
10 other rights have been violated in custody. Examples of such claims include
11 claims relating to conditions of confinement, and whether a prison's policies
12 infringe the constitutional right of access to the court. Petitioner cannot combine
13 claims challenging conditions of confinement with a habeas petition that
14 challenges the judgment civilly committing him—civil rights violations must be
15 alleged in a civil suit, not a habeas action, and must be filed in the district of
16 confinement. *Crawford v. Bell*, 599 F.2d 890, 891-92 & n. 1 (9th Cir. 1979)
17 (affirming dismissal of habeas petition because petition's challenges to
18 conditions of confinement must be brought in civil rights action); *see also* 28
19 U.S.C. § 1983 (providing a vehicle for filing a civil suit where a person acting
20 under color of state law deprives another of rights secured by the federal
21 Constitution and law). In addition, *any* claim for which money damages are
22 sought must be raised in a civil suit; monetary damages cannot be sought in a
23 habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

24 Some of Petitioner's claims appear to relate to the underlying charge, and
25 not to the civil commitment proceeding. Challenges to Petitioner's underlying
26 conviction would appear to be untimely, given that Petitioner's conviction
27
28

1  occurred decades ago, and in any event should not be combined with a petition
2  that challenges a civil commitment judgment.
3        Other claims are simply incomprehensible, such that the Court cannot tell
4  what the basis of the claim is. Petitioner is warned that such claims are subject
5  to dismissal on that ground alone. *See Clarke v. Shasta Cnty. Jail*, No. 2:12-cv-
6  1565-DAD-P, at *1 (E.D. Cal. Oct. 25, 2012) (habeas petition subject to dismissal
7  where the allegations are "unintelligible and incomprehensible").
8        Petitioner is therefore **ORDERED** to show cause—to explain—in writing
9  why the Court should not recommend dismissal of those claims that do not
10 <u>clearly</u> state a ground of relief that is cognizable in a federal habeas petition
11 pursuant to § 2254. **No later than July 17, 2024,** Petitioner shall respond, in
12 writing, to this Order. In his response, Petitioner must set forth his arguments,
13 if any, as to why his Petition, or claims in his Petition, should not be dismissed
14 for the reasons stated in this Order. In the alternative, Petitioner may submit
15 an Amended Petition limited to those claims that are cognizable on habeas
16 review pursuant to § 2254; such a petition will be deemed compliance with this
17 Order. Or, Petitioner may request to withdraw his Petition.
18       **Petitioner's failure to file a timely response to this Order may**
19 **result in the Court recommending to the assigned District Judge that**
20 **this case be dismissed for failure to prosecute and to follow court**
21 **orders.**
22       The Court notes that the District Court for the Eastern District of
23 California re-characterized this Petition, which Petitioner claimed was brought
24 pursuant to § 2241 (Petition at 1), as one brought pursuant to § 2254. It does
25 not appear that the court advised Petitioner of the consequences of that choice,
26 pursuant to *Castro v. United States*, 540 U.S. 375 (2003). This Court does so
27 now: Petitioner is advised that Section 2254 requires a petitioner to raise all
28

claims relating to a judgment in a single petition. Any second or subsequent petition filed pursuant to § 2254 and challenging the same judgment is subject to a higher standard—a standard that, in many cases, will be difficult, if not impossible, to meet. 28 U.S.C. § 2244(b)(2). Before the Court proceeds with Petitioner's claim as construed by the Eastern District of California, the Court must offer Petition an opportunity to withdraw or amend his claim. Therefore, within the time set for responding to this Order (or any reasonable extension granted by this Court), **Petitioner may withdraw his Petition, or he may amend his Petition to add additional claims. If he does not withdraw this Petition, any future petition challenging this judgment finding him to be an SVP will almost certainly be subject to the standard for second-or-successive petitions.** Petitioner is further advised that a habeas petition—and each claim in an amended petition—must be filed within the time limits set out in 28 U.S.C. § 2244(d). Those time limits apply strictly. Thus, to the extent Petitioner intends to add claims, he must keep those deadlines in mind.

The Court cannot advise Petitioner how to proceed, but does advise Petitioner to consider all these statutes, and all applicable law, when deciding how to proceed with his case.

DATED: June 17, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE